**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LARRY LANGFORDDAVIS, | Civil Action No. 13-2921 (PGS) |
| Petitioner, | |
| v. | OPINION |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

SHERIDAN, DISTRICT JUDGE

Petitioner, Larry Langforddavis, a federal prisoner, filed this motion to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 11.) Respondent United States of America opposes the petition. (ECF No. 13.) The Court issues the Opinion below based on the parties' written submissions and oral testimony.

## I. BACKGROUND

### A. Procedural History

On May 2, 2013, Petitioner filed a motion pursuant to 28 U.S.C. § 2255 seeking to vacate his sentence. (ECF No. 1.) On May 20, 2013, the Court advised Petitioner of his rights under *U.S. v. Miller*, 197 F.3d 44 (3d Cir. 1999). (ECF No. 3.) On July 2, 2013, Petitioner advised the Court that he wished to proceed with his petition as-filed. (ECF No. 4.) Petitioner was then granted leave to, and did file, an amended petition pursuant to § 2255. (ECF No. 11.) Respondent subsequently filed an amended answer, (ECF No. 13), to which Petitioner replied. (ECF No. 14.) On December 14, 2015, an evidentiary hearing was held on the issue of whether Petitioner's

counsel had allowed a plea offer to lapse before Petitioner went to trial. (ECF No. 26.) The following Opinion results from a consideration of the facts developed on the papers and at the evidentiary hearing.

**B. Facts[1]**

In the evening of January 4, 2008, Petitioner celebrated Antoine Dobson's birthday at Jersey Girls Entertainment Club. Dobson—a Deputy U.S. Marshal at the time—sustained injuries during an altercation outside the club. Petitioner visited Dobson that night in the hospital, at which time Petitioner put his arm around a police officer, showed a gun secured in his ankle holster, and declared he was "on the job." Once the police officer realized Petitioner was not a corrections officer, Petitioner then disappeared before the officers could question him. In the early morning of January 19, 2008, Petitioner and Dobson had been drinking at a bar. Petitioner's girlfriend, Sakinah Franklin, called Petitioner to pick her up at Jersey Girls, where she worked and where officers were intervening in an altercation.

Langforddavis left Dobson in the care of a friend and started driving to the club. When Dobson realized that he had left his firearm in Petitioner's car, he called Petitioner, asked him to return the gun and told him not to leave the gun in the car. Petitioner proceeded to Jersey Girls and upon arriving strapped Dobson's gun to his leg and exited the car. When officers attempted to detain Petitioner, he resisted arrest. The officers arrested Petitioner and confiscated the gun, later identified as Dobson's Glock 27, a backup weapon Dobson had purchased in November 2007, but was not cleared to carry. Petitioner and Dobson were indicted, and the cases were severed. In

---

[1] Although this case was tried before me, the facts are taken from the Third Circuit's Opinion on direct appeal because they are succinctly stated. *See United States v. Langforddavis*, 454 F. App'x 34, 35-36 (3d Cir. 2011).

December 2009, a jury found Petitioner guilty of violating 18 U.S.C. § 922(g)(1).[2] In July 2010, the District Court sentenced Petitioner to a maximum sentence of 115 months of imprisonment followed by a three year period of supervised release.

The Third Circuit affirmed both the conviction and the sentence, and the Supreme Court declined to grant *certiorari*. *Langforddavis v. United States*, 132 S. Ct. 2445 (May 21, 2012). Petitioner filed the amended motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on November 19, 2013. (*See* ECF No. 11.)

Petitioner raises the following issues for Section 2255 review in his amended petition, some of which were raised on direct appeal:

1. Trial counsel was ineffective for failing to move to dismiss the indictment due to a violation of the Speedy Trial Act.

2. Trial counsel was ineffective for failing to move to dismiss the indictment as defective on interstate commerce grounds.

3. Trial counsel was ineffective for failing to challenge the federal government's alleged lack of jurisdiction.

4. Trial counsel was ineffective for failing to challenge Petitioner's sentence of "supervised release" as not permitted by statute and therefore illegal.

5. Trial counsel was ineffective for failing to object to the admission of the invoice for the Glock 27 and box that contained the ammunition as hearsay evidence.

6. Trial counsel was ineffective for advising Petitioner to reject a plea offer of 77 months, thus ultimately resulting in a 115-month term of imprisonment.

---

[2] As I recall, Mr. Langforddavis chiefly argued at trial that he innocently possessed the weapon owned by Mr. Dobson. Mr. Liebman relied on a District of Columbia Court of Appeals case, *United States v. Mason*, 233 F.3d 619 (D.C. Cir. 2000), which I indicated was not controlling and did not instruct the jury. Both Mr. Langforddavis and Mr. Liebman believed this was the critical issue on appeal, and it spearheaded the appeal. However to their disappointment, the Third Circuit affirmed.

7. The trial court erred in "allowing the government to admit evidence" that Petitioner's co-defendant Dobson left a U.S. Marshal's parking placard in Petitioner's car.

8. There was insufficient evidence to convict Petitioner.

9. Petitioner is actually innocent of the crime charged, *i.e.*, possession of a firearm by a convicted felon.

10. The District Court unconstitutionally denied jury instructions for the defenses of innocent possession, reliance on public authority, and entrapment by estoppel.

11. There was a violation of the Speedy Trial Act.

(ECF No. 11-2 at 2-34.)

## II. DISCUSSION

### A. Standards Governing Petitioner's Claims

Section 2255 of Title 28, United States Code, provides in relevant part that

[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255

The Sixth Amendment to the United States Constitution guarantees criminal defendants the right to effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court articulated the test for demonstrating an ineffective assistance of counsel claim. First, the petitioner must show that, considering all of the circumstances, counsel's performance fell below an objective standard of reasonableness. *Id.* at 688; *see also Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013). This means that Petitioner must identify acts or omissions that are alleged not to have been the result of reasonable professional judgment. *Strickland*, 466 U.S. at 690. Second, Petitioner must

affirmatively show prejudice, which is found where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. Additionally, the Third Circuit has "reasoned that 'there can be no Sixth Amendment deprivation of effective counsel based on an attorney's failure to raise a meritless argument.'" *U.S. v. Bui*, 769 F.3d 831, 835 (3d Cir. 2014) (citing *United States v. Sanders*, 165 F.3d 248, 253 (3d Cir. 1999)).

## B. Petitioner's Claims

### 1. Ineffective Assistance of Trial Counsel

#### a. Failure to Move for Dismissal on Speedy Trial Act Violation

Petitioner argues that his trial counsel failed to move for dismissal based on a violation of his rights under the Speedy Trial Act. (ECF No. 11-2 at 2-8.) The Speedy Trial Act stipulates that a defendant must be brought to trial within 70 days of an initial arraignment or signing of an indictment. *See* 18 U.S.C. § 3161(c)(1). Here, the government concedes in its Answer that it did, in fact, violate Petitioner's Speedy Trial Act rights. (ECF No. 5 at 11) ("Here, the government concedes that Petitioner was not brought to trial within seventy days of his initial arraignment on October 29, 2008."). Respondent argues, however, that Petitioner failed to show how this violation prejudiced him, thus necessitating denial nonetheless. (*Id.*)

The two-pronged test announced by the Supreme Court in *Strickland* governs ineffective assistance of counsel claims at the trial level. The Court turns first to the prejudice prong of *Strickland*, because "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, that course should be followed." 466 U.S. at 670. In terms of prejudice in the arena of pre-trial motions, Petitioner must show that, "but for counsel's unprofessional errors," his

indictment would have been dismissed. *Id.* at 669; *see also U.S. v. Booth*, 432 F.3d 542, 547 (3d Cir. 2005). Accepting Petitioner's allegations as true, as the Court must,[3] Petitioner has not pled sufficient facts to convince the Court he was prejudiced by his trial counsel's failure to move for dismissal.

In order to prevail on prejudice grounds, Petitioner must show that his indictment would have been dismissed with prejudice, thereby implicating the following factors: 1) seriousness of the offense; 2) the facts and circumstances of the case which led to dismissal; and 3) the impact of reprosecution on the administration of justice. *See United States v. Martinez*, 75 F.Supp.2d 360, 364 (D.N.J. 1999) (citing *United States v. Taylor*, 487 U.S. 326, 334 (1988)).

First, if counsel had moved to dismiss the indictment, the district court would have looked to the seriousness of the charges. Here, violations of § 922(g) are routinely treated as "serious" under the Speedy Trial Act. *See U.S. v. Strickland*, No. 04-58, 2004 WL 1468992, at *2 (E.D. Pa. Apr. 7, 2004) (noting that a violation of § 922(g) is a serious offense under the Speedy Trial Act); *U.S. v. McIntosh*, 229 F.Supp.2d 431, 435-36 (D.V.I. Oct. 30, 2002) (same); *United States v. Wright*, 6. F.3d 811, 814 (D.C. Cir. 1993) (same).

Second, Petitioner has not alleged any facts that would indicate his defense was prejudiced due to delay. In fact, it appears that his counsel moved to stay the trial date so that a key witness, Mr. Dobson, would be able to testify in Petitioner's favor. (*See* Dkt. No. 08-779, ECF Nos. 93 & 97.) At the evidentiary hearing held on December 14, 2015, Petitioner's trial counsel testified as such. (*See* Tr. at 52-53.) As a result, Mr. Dobson did in fact appear and testify on Petitioner's behalf, and was "critical" to Petitioner's defense. (*Id.*)

---

[3] In considering a motion to vacate a sentence, a court must "accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record." *Gov't of the Virgin Islands v. Forte*, 865 F.2d 59, 62 (3d Cir. 1989).

Even ignoring the above, delay alone, without evidence of bad faith on the part of the government, is not enough to dismiss an indictment with prejudice. *See United States v. Law*, 526 F. Supp. 2d 513, 520-21 (E.D. Pa. 2007). Here, Petitioner has adduced no evidence of bad faith on the part of the government. Therefore, because the offense is serious, there is no evidence of prejudice due to delay, and there is no evidence of bad faith on the part of the government, it is highly likely the indictment would have been dismissed without prejudice.

After the district court dismissed the indictment without prejudice, the Government avers that it would have re-indicted Petitioner on the same charges. (*See* ECF No. 5 at 12.) If the statute of limitations had run by the time that the indictment was dismissed, the government still would have had six months to obtain a new indictment. *See* 18 U.S.C. § 3288. Thus, because the outcome of the proceedings would not have been different had counsel moved to dismiss the indictment, petitioner has not shown prejudice. *United States v. Fowers*, 131 F. App'x 5, 6–7 (3d Cir. 2005); *see also Chambliss v. United States*, 384 F. App'x 897, 899 (11th Cir. 2010) ("If counsel had moved to dismiss the indictment, the district court would have granted a dismissal without prejudice because of the serious nature of the charges and because the delay did not harm petitioner's ability to present a defense."). Therefore, relief on this ground is denied.

### b. Failure to Move to Dismiss on Interstate Commerce Grounds

Petitioner next contends that his trial counsel was ineffective for failing to move to dismiss the charges against him based on the government's failure to prove interstate commerce as an element of the crime charged.[4] Petitioner was charged and ultimately convicted under 18 U.S.C.

---

[4] In truth, the Petition reads: "indictment failed to allege interstate commerce[.]" (ECF No. 1 at 4.) Because the indictment does allege "interstate commerce" as a statutory element of the crime charged, *i.e.*, violation of 18 U.S.C. § 922(g)(1), the Court construes Petitioner's claim as a failure to prove the element as opposed to a failure to allege the element.

§ 922(g)(1), possession of a firearm by a convicted felon. As an element of the crime, the United States Code reads, in relevant part, that

> [i]t shall be unlawful for any person (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year .... *to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce*

18 U.S.C. § 922(g)(1) (emphasis added).

In order to achieve a conviction under § 922(g)(1), the government must only prove that the firearm possessed by the convicted felon previously traveled in interstate commerce, not that the felon's possession was contemporaneous with such travel. *See U.S. v. Tucker,* 511 F. App'x 166, 169 (3d Cir. 2013) ("Proof that the possessed firearm had previously traveled in interstate commerce is sufficient to satisfy the required nexus between possession and commerce") (citing *Scarborough v. United States,* 431 U.S. 563, 566-67 (1977)). Additionally, "transport of a weapon in interstate commerce, however remote in the distant past, gives its present intrastate possession a sufficient nexus to interstate commerce to fall within the ambit of § 922(g)(1)." *United States v. Singletary,* 268 F.3d 196, 200 (3d Cir. 2001). Lastly, the possession of a firearm in a state other than where the firearm was manufactured is sufficient to establish that the possession was "in or affecting commerce" under § 922(g)(1). *See U.S. v. Shambry,* 392 F.3d 631, 634 (3d Cir. 2004).

Here, Deputy Marshal McCauley testified at trial that the firearm at issue was manufactured in Smyrna, Georgia and then shipped to New York City in December 2007. (Dkt. No. 08-779, ECF No. 109 at 130-31.) Deputy Marshal McCauley also testified that the ammunition within the firearm was manufactured in Lewiston, Idaho, and ultimately possessed by Petitioner in New Jersey. (*Id.* at 132-34.) The Court also admitted physical evidence showing as much. This is sufficient evidence, under current Third Circuit precedent, to prove that the firearm and ammunition at issue traveled in or affected commerce under § 922(g)(1). *See Shambry,* 392 F.3d

at 635; *U.S. v. Leuschen*, 395 F.3d 155, 161 (3d Cir. 2005) (finding that "evidence that Leuschen's firearms were all manufactured outside Pennsylvania provides the requisite nexus to" interstate commerce). Thus, because the evidence presented at trial was sufficient to convict Petitioner under § 922(g)(1), Petitioner's ineffective assistance of counsel claim for failing to move to dismiss the indictment on these grounds is meritless. Indeed, failure to raise a meritless argument does not fall below an objective standard of reasonableness for purposes of an ineffective assistance of counsel claim. *See Werts v. Vaughn*, 228 F.3d 178, 203 (3d Cir. 2000) (citing *Strickland*, 466 U.S. at 688). Therefore, habeas relief on this ground is denied.

### c. Failure to Move for Dismissal on Lack of Jurisdiction Grounds

In Ground Three of the amended petition, Petitioner alleges that his trial counsel was ineffective for failing to argue that the government lacked jurisdiction to convict him because the indictment failed to specify "interstate" commerce as an element of the crime charged. (ECF No. 1 at 7.) The Court disagrees.

Generally, Congress may include a jurisdictional element as a provision of a federal statute in order to ensure that the statute grants federal jurisdiction. *See U.S. v. Rodia*, 194 F. 3d 465, 471 (3d Cir. 1999) ("A jurisdictional element, as the term has been used in and after *Lopez*, refers to a provision in a federal statute that requires the government to establish specific facts justifying the exercise of federal jurisdiction in connection with any individual application of the statute.") (citing *United States v. Lopez*, 514 U.S. 549, 561 (1995)). In 18 U.S.C. § 922(g)(1), the jurisdictional element is "in or affecting commerce." *Singletary*, 268 F.3d at 201; *see also Spencer v. United States*, No. 05-1781 (JBS), 2007 WL 2416430, at *6 (D.N.J. Aug. 16, 2007) (noting that "in or affecting commerce" is a proper jurisdictional element of § 922(g)(1)). Here, the superseding

indictment properly charged Petitioner with all of § 922(g)(1)'s elements, including the jurisdictional element:

> From on or about January 5, 2008 to on or about January 19, 2008, in Union County, in the District of New Jersey, and elsewhere, defendant LARRY LANGFORDDAVIS, a/k/a "Lay Lay," having been convicted of a crime punishable by imprisonment for a term exceeding one year in the Superior Court of New Jersey, did knowingly possess **in and affecting commerce** a firearm, namely a Glock model 27 .40 caliber semi-automatic handgun, bearing serial number LSK711, loaded with ten rounds of Speer .40 caliber hollow-point ammunition.

(Dkt. No. 08-779, ECF No. 27) (emphasis added).

Petitioner's argument that the indictment should have been dismissed for failure to include the word "interstate" is thus meritless. As noted above, failure to raise a meritless argument does not fall below an objective standard of reasonableness. *Werts*, 228 F.3d at 203. Therefore, Petitioner's request for relief in Ground Three of the petition is denied.

**d. Failure to Object to an "Illegal Enhancement" of Petitioner's Sentence**

Petitioner next contends that he is entitled to § 2255 relief because his trial counsel was ineffective for failing to object when his sentence was "illegally enhanced" with a three-year period of supervised release. (ECF No. 1 at 8.) Petitioner was ultimately sentenced to 115 months imprisonment and a supervised release period of three years.

A conviction under 18 U.S.C. § 922(g)(1) carries a maximum prison term of 120 months. *See* 18 U.S.C. § 924(a)(2). In addition to the prison term, conviction of a class C felony may also carry a period of supervised release not to exceed three years. *See* 18 U.S.C. § 3583(b)(2). A violation of § 922(g)(1) is a class C felony. Therefore, Petitioner's sentence, *i.e.*, 115 months' imprisonment followed by three years of supervised release, is completely proper. *See Leuschen*, 395 F.3d at 161 (affirming sentence of 63 months imprisonment and 3-year period of supervised release for violating § 922(g)(1)).

Because Petitioner's sentence falls within statutory limits, both in terms of incarceration and supervised release, Petitioner's Ground Four is meritless and habeas relief is denied.

### e. Trial counsel was ineffective for advising Petitioner to reject a 77-month plea offer

Petitioner adds to his amended petition a claim that his trial counsel was ineffective for advising Petitioner to reject a plea offer of 77 months, ultimately resulting in a 115-month sentence of imprisonment after losing at trial. (ECF No. 11-2 at 18-19.) Petitioner writes that his trial counsel convinced him to go to trial on the strength of an "innocent possession" defense he thought that they had. (*Id.*) The government responded that no such plea offer ever existed. To settle the factual dispute, an evidentiary hearing was held on December 11, 2015 where both Petitioner and Petitioner's trial counsel, Mr. Marc Leibman, testified.

The two-pronged test announced by the Supreme Court in *Strickland* governs ineffective assistance of counsel claims both the pre-trial phase. *See Hill v. Lockhart*, 474 U.S. 52 (1985). The Court turns first to the prejudice prong of *Strickland*, because "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, that course should be followed." 466 U.S. at 670. In terms of prejudice, Petitioner must show that, "but for counsel's unprofessional errors," he would have a received a lesser sentence. *Id.* at 669; *see also U.S. v. Booth*, 432 F.3d 542, 547 (3d Cir. 2005). Accepting Petitioner's allegations as true, Petitioner was prejudiced by proceeding to trial because "he was exposed to an additional [48 months] imprisonment." *Booth*, 432 F.3d at 548-549.

At the evidentiary hearing, Mr. Leibman testified that there was no plea offer of any kind made in Petitioner's case to either accept or reject. (*See* Tr. at 48.) Indeed, even Petitioner himself admitted to the following:

> Q. Now, you never saw a plea agreement with the number 77 months written on it, did you?

> A. No.
> Q. In fact you never saw a plea agreement in writing at all; right?
> A. No.
> Q. You yourself never spoke to a prosecutor regarding a plea agreement in this matter; right?
> A. No.

(Tr. at 21.) Petitioner then testified that the "offer" of 77 months was communicated to him by his attorney as a mere discussion of possible plea deals. Mr. Leibman then confirmed that no plea offer was ever made, and rejected the notion that he discussed a specific offer that did not exist. Mr. Leibman testified that he discussed with Petitioner the option of "throwing himself on the mercy of the court" and simply pleading guilty, but that Petitioner was adamant about proceeding to trial. (*Id.* at 57.)

Petitioner finally argued that his was a "*Lafler* case," and as such, Mr. Leibman's performance should be found deficient. In *Lafler*, a defendant was offered a plea agreement but rejected it on the erroneous advice of counsel. *Lafler v. Cooper*, 132 S. Ct. 1376, 1383 (2012). There, counsel convinced the defendant that "the prosecution would be unable to establish [the defendant's] intent to murder [the victim] because she had been shot below the waist." *Id.* After a jury trial, the defendant was convicted on all counts and received a much harsher sentence than he would have had he accepted the initial plea offer. *Id.* at 1383-84. Here, by contrast, no evidence was presented either in the papers or during the evidentiary hearing that a plea offer was ever made. Additionally, even if one had been made, the evidence adduced at the hearing suggests that Mr. Leibman honestly assessed Petitioner's chances of prevailing both at trial and on appeal, and properly advised him as such. (Tr. at 45-47; Government's Exhibit 2.)

In general, Petitioner's testimony lacked credibility. Not only did Petitioner's testimony contradict the testimony of his attorney, it also contradicted the contents of a letter presented to

the Court by Mr. Leibman.[5] The Court finds the testimony of Mr. Leibman to be credible regarding his communications with Petitioner, including the lack of a formal plea offer. Furthermore, Petitioner presented no evidence that there existed a plea offer of 77 months that he would have accepted, but for counsel's unprofessional errors. Therefore, Petitioner has not been able to demonstrate either deficient performance or prejudice and habeas relief on this ground is denied.

### f. Trial Counsel was ineffective for failing to object to inadmissible hearsay evidence

Petitioner lastly adds to his amended petition an allegation that certain evidence, namely an invoice from Glock regarding Mr. Dobson's Glock 27 and the box in which the ammunition was delivered, was erroneously admitted in violation of the hearsay rule, that his trial counsel should have objected and was deficient for not doing so. (ECF No. 11-2 at 20-26.) In response, Respondent argues that trial counsel's lack of objection to the evidence was not ineffective because "there was no valid objection to be had." (ECF No. 13 at 4.)

---

[5] On November 9, 2008, Mr. Leibman sent Petitioner a letter discussing the "innocent possession" defense, which he read into the record during the hearing. (Tr. 45:20-46:16.) The letter stated as follows:

> Dear Larry, enclosed please find a number of cases which I have researched regarding a possible defense of fleeting possession; none of these cases are from the Third Circuit which governs the law in the District of New Jersey, however, several other district courts and circuit courts have ruled on this issue; based upon my research it is highly doubtful that the Court will instruct the jury to find you not guilty even if they conclude that you held the weapon for no illegal purpose, and/or held the weapon to prevent some other harm or only held it for a moment; the courts have referred to your proposed defense as quote "innocent possession" and analogized it to the defense of duress; this requires that the defendant prove that some other greater harm was what you were attempting to prevent by picking up the weapon; I do not believe an argument with your girlfriend about the presence of the weapon in her car will rise to this standard; we will not know for certain what jury instruction will be given until the time trial however based upon my research and the facts as presented by you I do not believe the Court will give us the instruction we would want; I will continue my research to try and find more favorable case law to support your position; very truly yours Marc Liebman.

In order to prevail on this claim, Petitioner must show that his trial counsel's decision not to object to the Glock's invoice and the box the ammunition arrived in was unreasonable in light of prevailing professional norms and that he suffered prejudice as a result. *Strickland*, 466 U.S. at 687. Additionally, a petitioner must "overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689 (citations omitted).

At issue here are two pieces of evidence: an invoice from Glock, the manufacturer of the gun found on Petitioner, showing that the gun was manufactured in Smyrna, Georgia; and the box that contained the ammunition found in the gun, showing that the ammunition was produced in Lewiston, Idaho. Aside from the fact that the invoice would almost certainly qualify as a business record under FED. R. EVID. 803(6) and the fact that the ammunition box is likely non-hearsay, Petitioner's trial counsel *did* question the government's authenticating witness on his knowledge of the evidence's authenticity. That exchange is reproduced below:

```
Q Have you ever been to the Glock manufacturer in Smyrna, Georgia?
A No, I have not.
Q Have you ever seen guns manufactured there?
A No, I have not.
Q So you have no firsthand knowledge of where that gun is manufactured?
A No, I do not.
Q Is the same true for the ammunition that you have firsthand knowledge of?
A No, I have not.
Q You have never been the place the bullets are manufactured?
A No, I have not.
Q Were you involved in the investigation of this case at all?
A No, I was not.
```

(Dkt. No. 08-779, ECF No. 109 at 135.) The decision not to object to the admittance of almost certainly admissible evidence, followed by an attempt to impeach the authenticity of that evidence, is one of trial strategy. *See Gov't of Virgin Islands v. Weatherwax*, 77 F.3d 1425, 1436 (3d Cir. 1996) ("We believe [the lawyer's] decision not to object was analogous to a strategic choice not

to object to the admission of inadmissible hearsay evidence tendered by the prosecution."); *U.S. v. Mercado*, 536 F. App'x 260, 264 (3d Cir. 2013) (finding counsel not ineffective in failing to bring hearsay objection to witness statements); *Luperella v. U.S.*, No. 06-1360, 2007 WL 2904201, at *2 (D.N.J. Oct. 3, 2007) ("...the day-to-day conduct of the defense rests with the attorney, who has the immediate and ultimate responsibility of deciding if and when to object...") (citations omitted). Thus, because trial counsel's decision not to object to potential hearsay evidence is one of trial strategy, the Court need not reach the issue of whether the evidence at issue is or is not admissible hearsay evidence. Habeas relief on this ground is thus denied.

### 2. Procedurally Defaulted Claims

In Petitioner's amended petition, he also adds two claims that are subject to denial as procedurally defaulted:

> **Count Seven**: The trial court erred in "allowing the government to admit evidence from an unlawful arrest...."
>
> **Count Eight**: There was insufficient evidence to convict Petitioner.

Respondents argue in their amended answer that these claims are procedurally defaulted and must be denied because they could have been, but were not, raised on direct appeal. (ECF No. 13 at 3.) The Court agrees.

Generally, a motion under 18 U.S.C. § 2255 cannot be used as a substitute for a direct appeal. *See Gov't of Virgin Islands v. Nicholas*, 759 F.2d 1073, 1074 (3d Cir. 1985). Therefore, a petitioner is typically barred from collaterally attacking his conviction or sentence using issues that could have been, but were not, brought on direct appeal. *See United States v. Frady*, 456 U.S. 152, 162-63 (1982). To clear the bar, a petitioner must meet a cause and prejudice standard. *Id.* Under this standard, "a convicted defendant must show both (1) cause excusing his ... default, and (2) actual prejudice resulting from the errors of which he complains." *Id.* at 167-68 (internal

quotations omitted). If a petitioner fails to show either cause or prejudice, the claims at issue will be considered defaulted and thus denied. *See, e.g.*, *United States v. Calhoun*, 600 F. App'x 842, 845 n.2 (3d Cir. 2015) (finding that a petitioner who failed to raise a claim on direct appeal "defaulted it"); *U.S. v. Thomas*, 286 F. App'x 779, 781 n.2 (3d Cir. 2008) ("This issue could have been and should have been raised on direct appeal, but was not, and is waived."); *Thomas v. United States*, No. 09-5339, 2016 WL 3129614, at *3 (D.N.J. June 1, 2016) (enforcing procedural default in a § 2255 when petitioner failed to raise claims on direct appeal).

Here, Petitioner argues for the first time that the evidence presented at trial was insufficient to convict him of the crime charged. Petitioner offers no evidence of "cause" to excuse the fact that he failed to raise this issue on appeal. Petitioner's insufficiency of the evidence claim, *i.e.*, a Rule 29 claim, should have been brought on appeal and is thus not ripe for review on collateral attack. Petitioner also argues for the first time that the Court erred in admitting evidence from a case that was dismissed. (ECF No. 11-2 at 29.) After reading through the trial transcript, it appears Petitioner is referring to evidence that Petitioner's co-defendant, Antoine Dobson, had left his U.S. Marshal parking placard in the trunk of Petitioner's car four months prior to the arrest. (Dkt. No. 08- 779, ECF No. 115 at 31-33.) The transcript, however, reveals that Petitioner's trial counsel challenged the admittance of this evidence as irrelevant and was overruled. (*Id.*) Additionally, this evidence did not go to the guilt or innocence of Petitioner, but was being used as an attempt to impeach him with a prior inconsistent statement, thus having little, if any, impact on Petitioner's ultimate conviction and sentence.

Therefore, because Petitioner could have, and should have, brought these claims on direct appeal, they are procedurally defaulted and thus habeas relief on these grounds is denied with prejudice.

### 3. Actual Innocence

Petitioner also argues, for the first time, that he is actually innocent of being a convicted felon in possession of a firearm. (ECF No. 11-2 at 32.) However, Petitioner submits no new or additional evidence with his amended petition, instead conceding that such evidence is necessary to prevail. (*Id.*)

In order to succeed on a claim of actual innocence, a petitioner must demonstrate that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623, (1998) (citations omitted). This means that a petitioner must "support his allegations of constitutional error with *new reliable evidence*—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995) (emphasis added).

Here, the only "new evidence" that Petitioner presents at all is his own sworn affidavit, which does not, by itself, suffice to meet the actual innocence standard. *See Hubbard v. Pinchak*, 378 F.3d 333, 340 (3d Cir. 2004) ("A defendant's own late-proffered testimony is not 'new' because it was available at trial."). Additionally, a self-serving affidavit such as the one Petitioner submitted does not present any "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence." *Id.* (quoting *Schlup*, 513 U.S. at 324). Therefore, because Petitioner does not present any "new reliable evidence," his claim of actual innocence necessarily fails and habeas relief is thus denied on this ground.

### 4. Re-litigating Claims Heard on Direct Appeal

In his amended petition, Petitioner also raises claims that were brought and decided on direct appeal. Specifically, Petitioner argues that the trial court erred in not giving jury instructions

on "innocent possession" and entrapment by estoppel. (ECF No. 11-2 at …) This claim was argued and rejected by the Third Circuit on direct appeal. *See United States v. Langforddavis*, 454 F. App'x 34, 36-37 (3d Cir. 2011). Generally, § 2255 "may not be employed to relitigate questions which were raised and considered on direct appeal." *Almonte v. United States*, 2015 WL 1344509, at *1 (D.N.J. Mar. 23, 2015) (quoting *United States v. DeRewal*, 10 F.3d 100, 110 n.4 (3d Cir. 1993)).

Here, the Third Circuit explicitly held that the District Court did not err in denying Petitioner jury instructions on innocent possession and entrapment by estoppel. *See Langforddavis*, 454 F. App'x at 37-38 (finding that Petitioner's possession was not "transitory," as is required for an innocent possession defense, and that Petitioner's co-defendant could not be relied on, as is required for entrapment by estoppel, because the co-defendant was "hospitalized and intoxicated"). Because this argument was considered and rejected on direct appeal, Petitioner cannot use it to now to collaterally attack his conviction. Therefore, habeas relief on this ground is denied with prejudice.

**5. Violation of Petitioner's Speedy Trial Right**

Lastly, Petitioner alleges in his amended petition that he was held "over 371 days" before being brought to trial. (ECF No. 11-2 at 3-5.) Petitioner claims that this is "way over [the] 70 days allowed by the speedy trial laws." (*Id.*) As discussed above, the government conceded in its original Answer that it violated the Speedy Trial Act in this case. (ECF No. 5 at 11-12); 18 U.S.C. § 3161(c)(1) ("In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date…."). The government, however, contends Petitioner waived his right to contest the delay on appeal when the trial began. The Court agrees.

The Speedy Trial Act is not self-executing; a criminal defendant has the burden of asserting a violation of the statute prior to his trial. *United States v. Gomez*, 67 F.3d 1515, 1519 (10th Cir.1995). The statute explicitly provides that the: "[f]ailure of the defendant to move for dismissal prior to trial or entry of a plea of guilty or nolo contendere shall constitute a waiver of the right to dismissal under this section." 18 U.S.C. § 3162(a)(2). As a result, the plain language of the statute requires that a defendant bring his claim, if ever, prior to his trial. *See United States v. Boone*, 2002 WL 31761364, at *2 (D.N.J. Dec. 6, 2002); *cf. United States v. Tanh Huu Lam*, 251 F.3d 852, 860-61 (9th Cir. 2001) (finding waiver because defendant did not move for dismissal before his trial); *United States v. Pipkin*, 114 F.3d 528, 534-35 (5th Cir.1997) (stating that failure to move for dismissal prior to trial waives right under act); *United States v. Nazarenus*, 983 F.2d 1480, 1483 (8th Cir.1993) (holding that defendant waived right under statute because he did not move for dismissal before trial); *Gomez*, 67 F.3d at 1520 (finding that defendant waived right to speedy trial remedy by not moving for dismissal prior to trial).

Therefore, because Petitioner waived his right to attack delay under the Speedy Trial Act by not moving for dismissal before trial, Petitioner's claim that the admitted violation of the Speedy Trial Act warrants habeas relief is denied with prejudice.

## III. CERTIFICATE OF APPEALABILITY IS DENIED

This Court must determine whether Petitioner is entitled to a certificate of appealability in this matter. *See* Third Circuit Local Appellate Rule 22.2. The Court will issue a certificate of appealability only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Court finds that Petitioner has not demonstrated that "jurists of reason could disagree with the [Court's] resolution of his constitutional claims," therefore the

Court will not issue a certification of appealability. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

## IV. CONCLUSION

For the reasons set forth above, Petitioner's motion pursuant to 28 U.S.C. § 2255 is denied, and no certificate of appealability shall issue.

*Peter M Sheridan*
PETER G. SHERIDAN
United States District Judge

Date: 8/30/16